**RECORD NO. 13-4269**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JAMAL HOLDER,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

(The Honorable Roger W. Titus, U.S.D.J.)

**OPENING BRIEF OF APPELLANT
JAMAL HOLDER**

Marc Gregory Hall
LAW OFFICES OF MARC G. HALL, P.C.
200A Monroe Street, Suite 310
Rockville, Maryland 20850
(301) 309-6678 Telephone
mghlaw@mac.com

*Counsel for Appellant*

September 12, 2013

# **TABLE OF CONTENTS**

Table of Contents ............................................................................................. i

Table of Citations............................................................................................ ii

Statement of Subject Matter and Appellate Jurisdiction ................................ 1

Statement of the Issues Presented for Review................................................ 2

Statement of the Case ..................................................................................... 2

Statement of Facts........................................................................................... 3

Summary of the Argument ............................................................................. 4

Argument ........................................................................................................ 5

    Standard of Review................................................................................. 5

    Issue ........................................................................................................ 5

    Whether Appellant was improperly sentenced, through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?................ 5

Conclusion ...................................................................................................... 7

Waiver of Oral Argument............................................................................... 8

Certificate of Compliance............................................................................... 9

Certificate of Service of Defendant.............................................................. 10

Certificate of Filing and Service................................................................... 10

# **TABLE OF CITATIONS**

## **Cases**

*Anders v. California*,
    386 U.S. 738 (1967) .................................................................... 5, 7

*United States v. Pridgen*,
    4 F.3d 147 (4th Cir. 1995) ............................................................... 2

## **Statutes**

18 U.S.C. § 922(g) ................................................................................ 2

18 U.S.C. § 3231 .................................................................................. 1

18 U.S.C. § 3553 ............................................................................ 2, 5, 6

18 U.S.C § 3742 .................................................................................... 2

18 U.S.C § 3742(a)(1) ........................................................................... 2

28 U.S.C. § 2255 .................................................................................. 7

U.S.S.G. § 5K1.1 .............................................................................. 3, 6

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

No(s).13-4269
_____

UNITED STATES OF AMERICA,

Appellee,

v.

JAMAL HOLDER
Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

(THE HONORABLE ROGER W. TITUS
UNITED STATES DISTRICT COURT JUDGE)
_____

ANDERS BRIEF OF APPELLANT
_____

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from a final judgment in a criminal case, entered against Appellant on April 05, 2013. The United States District Court for the District of Maryland had original jurisdiction over this case under 18 U.S.C. § 3231. The United States Court of Appeals for the Fourth Circuit

1

has appellate jurisdiction over this case under 18 U.S.C § 3742(a)(1) and *United States v. Pridgen*, 64 F.3d 147 (4th Cir. 1995). By Notice of Appeal filed on April 8, 2013 Appellant requests this Court to review his plea and sentence pursuant to the provisions of 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether Appellant was improperly sentenced, through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?

## STATEMENT OF THE CASE

Appellant was charged in four counts with being a Felon in Possession of a Firearm 18 U.S.C. § 922(g) in the United States District Court for the District of Maryland. Appellant, Jamal Holder, pled guilty to Counts One, Three and Four on July 19, 2012. The defendant was sentenced on April 5, 2013. A timely notice of appeal to the United States Court of Appeals for the Fourth Circuit was filed on April 8, 2013.

## STATEMENT OF THE FACTS

Jamal Holder was indicted by the Grand Jury on February 8, 2012 On July 17, 2012 Mr. Holder entered into a written plea agreement with the Government. The plea was to the Counts One, Three and Four of the indictment, Felon in Possession of a Firearm. The plea was entered on July 19 2012. A colloquy ensued between the appellant and the court wherein the appellant was advised of the terms of the plea agreement as well as the constitutional rights he was waiving by entering a plea of guilty. A Pre-Sentence Report was prepared at the court's request.

Factually, the plea agreement indicated that the appellant had on three separate occasions sold a firearm to a confidential informant who was working for the police. These sales occurred on November 15, 16 and 17, 2011. At that time the appellant had previously been convicted of a crime punishable by imprisonment of one year of more. Each of the transactions was videotaped as well. As part of the plea agreement, the parties anticipated several guideline adjustments. The appellant received a 3 level departure for acceptance of responsibility.  At a later date government and appellant verbally amended the agreement and agreed that should he provide substantial assistance to the government, he would be considered for a departure pursuant to U.S.S.G. § 5K1.1.

Sentencing was held on April 5, 2013. At sentencing the parties agreed that the Pre-Sentence Report was correct in that the writer had included all of the above noted downward departures. The PSR writer found the appellant to be at an offense level of 29 and a criminal history level of V. The final guideline range was 140-175 months months.

In addressing the appellant, the court agreed that the guideline factors as outlined above were appropriate and sentenced the appellant to 120 months in the Bureau of Prisons on Count One, 5 Months consecutive on Count Three and 10 months concurrent on Count Four in affect giving him a sentence below the guideline range in the PSR.

## **SUMMARY OF THE ARGUMENT**

Counsel reasonably believes that, based upon the records in the district and appellate courts, there are no viable grounds for this appeal on the issue of guilt or innocence.

Appellant requested an appeal in this matter. In furtherance of his investigation of any outstanding issues, counsel for appellant has re-reviewed the file at length, communicated with the defendant and reviewed issues of concern to the appellant. Counsel has also reviewed the transcripts of the district court proceedings.

4

The result of this analysis by counsel is that there is no basis in the record upon which to carry forward any direct appeal with regard to the issue of the guilt or innocence, or as to the sentencing of appellant. Counsel has determined that there are no cognizable issues, which could be raised on the part of appellant. Therefore, counsel has determined to file this *Anders* brief (per *Anders v. California*, 386 U.S. 738 (1967)) on behalf of appellant.

## ARGUMENT

## STANDARD OF REVIEW

Upon a filing of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), the Court of Appeals conducts a full examination of the record to determine independently whether the appeal is wholly or partially frivolous. The Court may dismiss the appeal insofar as federal requirements are concerned as to the issues so implicated.

## ISSUE

**Whether Appellant was improperly sentenced, through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?**

Based on counsel's analysis and research on the issues raised by the appellant in correspondence and the lack of any new facts or matters, counsel is confident that there are no issues that may be appealed as to her

sentence. Furthermore, a review of the plea colloquy demonstrates that the court properly advised the defendant of the possible penalties, advised her of the rights she gave up by pleading guilty and insured that the appellant made a knowing and intelligent waiver of those rights.

At the change of plea proceeding on July 19, 2012, the district court made an extensive and complete inquiry into appellant's understanding of and satisfaction with the plea. The court further inquired of the appellant's understanding of the process at sentencing and that there were no promises or agreements regarding either the guideline range or his criminal history. From the record, the plea clearly was informed and voluntary, as appellant repeatedly affirmed. The detailed plea agreement and specific statement of facts had been reviewed and signed by the appellant and by counsel, which he affirmed under oath on July 19, 2012. The court accepted the plea and found appellant guilty.

At sentencing, the court appears to have made a thorough analysis of the sentencing guidelines and applied them along with the other important factors listed in § 3553. The court in fact gave the defendant a sentence below the guideline range found in the PSR. In affect departing from 140 months to 125 months to give the defendant recognition for his assistance pursuant to U.S.S.G. § 5K1.1.

As a result, appellate counsel is constrained to conclude that there simply is nothing **in this record** that suggests grounds to support the issues appellant seeks to raise, that his sentence is legally challengeable. Appellant is free to seek relief under 28 U.S.C § 2255, challenging the effectiveness of trial counsel or the volitional basis for his plea. Such a proceeding will permit him to supplement the record with additional testimony and evidence, beyond that which has been presented to the district court and this Court. On this record, however, he is without recourse on this issue.

## **CONCLUSION**

Pursuant to the requirements of *Anders v. California*, 386 U.S. 738 (1967), counsel for appellant hereby certifies that he has expended substantial time in the review of the facts and legal issues in this matter, the review of the entire file in the district and appellate courts, and has exhausted all possible avenues of issues for appeal.

It is the considered opinion of appellate counsel that there are no legal issues that were raised before the United States Court of Appeals which were not either waived, abandoned or withdrawn by appellant, or which were disposed of properly by the Courts. Accordingly, appellate counsel believes that there are no legitimate grounds for a direct appeal on the record of this matter to the Court of Appeals. The record in this matter regarding

7

these issues nonetheless is submitted for independent review by this Court, in the event error exists which has been overlooked by appellate counsel.

Respectfully submitted,

Law Office of Marc G. Hall, P.C.

_____/S/_____
Marc G. Hall
Federal Bar # 01386
200 A Monroe Street, Suite 310
Rockville MD  20850
(301) 309-6678
mghlaw@mac.com

*Counsel for Appellant*

## WAIVER OF ORAL ARGUMENT

The issues in this appeal have been completely research and briefed by appellate counsel, and the facts in support thereof have been fully documented, as set forth in the materials in the Joint Appendix. Appellate counsel therefore believes that the Court is in a position to rule on this matter without the benefit of additional argument by counsel for the parties.

Nevertheless, should the Court feel otherwise, counsel hereby advises the Court that he is ready to appear for oral argument upon request, and to

respond therein to any question the Court may have upon its full review of the briefs and record in this matter.

Respectfully submitted,

Law Office of Marc G. Hall, P.C.

/S/
Marc G. Hall
Counsel for Appellant

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that:

1. This brief has been prepared using a proportionally spaced serif typeface, Times New Roman, 14 point font using Microsoft Word.

2. Exclusive of: table of contents; table of authorities; any addendum containing statutes, rules, or regulations; and the certificate of compliance and service this brief contains <u>1564</u> words.

3. I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or copy of the word or line printout.

/S/ Marc G. Hall
Marc G. Hall
Counsel for Appellant

9

## CERTIFICATE OF SERVICE OF DEFENDANT

I hereby certify that a copy of the Anders Brief of Appellant was mailed to the Appellant, Jamal Holder at USP Hazelton, U.S. Penitentiary P.O. Box 2000, Bruceton Mills, WV 26525 as well as a letter explaining to the Appellant his right to file a supplemental brief.

                                              /S/ Marc G. Hall
                                              Marc G. Hall
                                              Counsel for Appellant

## CERTIFICATE OF FILING AND SERVICE

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this 12th day of September, 2013, filed the required six (6) copies of the foregoing *Anders Brief of Appellant* in the Office of the Clerk of the Court via hand delivery and have electronically filed the Anders Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to:

William Moomau
Assistant United States Attorney
United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770
 *Counsel for Appellee*

                                              /S/ Marc G. Hall
                                              Marc G. Hall
                                              *Counsel for Appellant*